JOHN S. STILES *vs.* JAMES H. CAUSTEN.—*December,* 1829.

Several persons who had claims on the government of the United States, for injury done to their property, taken and used to prevent the approach of an enemy, employed an agent to collect their evidence, and prosecute their demands; but, before the matter was finally adjusted, one of them died. After this, the representative of the deceased, the defendant, attended several meetings of the persons interested in the said claims, at which it was always stated, that the plaintiff was acting as the agent of the owners of the property taken in prosecuting their claim. The defendant also gave the plaintiff a letter of introduction, in which he was mentioned as the "representative of the unfortunate owners" of the property, for which indemnity was sought; and the person to whom it was addressed, was requested to aid the plaintiff in obtaining redress. One of the witnesses also proved, that in frequent conversations with the defendant, he, the witness, had stated that twenty per cent. was the commission stipulated to be paid by the owners of the aforesaid property; and that the defendant never objected to the same. The plaintiff attended to the agency until the passage of a law, under which the defendant was paid, as executor. In an action by the agent for the recovery of compensation for his services, HELD, that it was properly left to the jury to determine whether there was any *new* contract between the plaintiff and defendant, after the death of the original owner, by which the defendant would be liable in his individual capacity.

APPEAL from *Baltimore* County Court.

This was an action of *assumpsit,* instituted on the 21st of April, in the year 1824, by the appellee, (the plaintiff in the court below,) against the appellant, (the defendant in that court.)

The declaration contained counts, for work and labor, and materials found; for use and occupation; for matters properly chargeable in account; for goods, wares, and merchandise; for money lent, and advanced, money had and received; and on an *insimul computassent.*

The defendant pleaded, 1st. *Non assumpsit.* 2nd, *Non assumpsit infra tres annos; and 3d, actio non accrevit.*

Issue to the 1st plea, and general replications, and issues to the 2d and 3d pleas.

At the trial, the plaintiff gave in evidence, that *George*

VOL. II.—7

*Stiles*, in his life-time, being the owner of three vessels that were sunk at the entrance of the harbor of *Baltimore*, in order to obstruct the approach of the ships of the enemy to the city of *Baltimore*, during the late war between *Great Britain* and the *United States*, did sometime in the year 1816 or 17, and during the life of said *Stiles*, unite with several other owners whose vessels had likewise been sunk, in a petition to Congress for compensation of the loss occasioned thereby; and that the said *Stiles*, in conjunction with the said owners, appointed the plaintiff in this cause, to obtain and collect documents and evidence in support of the claims of the said petitioners, and to prosecute the said petition before Congress, by proceeding to the city of *Washington*, with the necessary documents and proofs to establish the justice of said claim for compensation, and that the said plaintiff should be entitled to receive, as a reward for his services aforesaid, at the rate of twenty per cent. on the amount recovered. The plaintiff further offered evidence, that the said *George Stiles* died in the year 1819, and before any decision had been made by Congress on the subject of said petition; that sometime subsequent to the death of said *George Stiles*, and after the defendant had taken out letters testamentary on his estate, he, the defendant, attended several meetings of the aforesaid owners, on the subject of the aforesaid petition, in which it was always stated, that said *Causten* was acting as the agent of said owners in prosecuting the petition aforesaid. And further, that the defendant wrote the following letter, which he addressed to Commodore *Rodgers*, at the city of *Washington:* "*Baltimore*, 1st February, 1821. *Commodore John Rodgers:* My dear Sir,—Permit me the pleasure of introducing to your acquaintance, my friend, *Mr. James Causten*, who visits your city on the subject of the vessels so prudently and efficaciously sunk in this harbor on the ever memorable September, 1814. Mr. *Causten* goes as a representative of the unfortunate owners, who, you know, have ever since been refused a fair com-

pensation for the very heavy damages sustained, and must beg the favor of you to grant him such friendly advice and information as you may deem calculated to aid him in this very deteriorated business. Yours, with great respect, and pure regard, *John S. Stiles.*" The plaintiff also offered evidence by *Robert Barry*, that he had had frequent conversations with the defendant, in which he stated that twenty per cent. was the commission stipulated to be paid by said owners, and that the defendant never objected to the same. He also offered in evidence the act of Congress, making the compensation. And that the amount of loss ascertained, according to the provisions of said act, to have been sustained by the destruction of said vessels, owned as aforesaid by said *George Stiles*, being between five and six thousand dollars, was duly paid to the defendant, as executor of said *George Stiles*, by the agents of the government, and that he has never accounted to the plaintiff for any part of the money so received, but has retained the whole amount. And the plaintiff, further to support the issue on his part, gave evidence to the jury, by legal and competent testimony, that he did collect the documents and proofs in the city of *Baltimore*, and elsewhere, which were necessary to support the claims of the petitioners, including those of the said *George Stiles*, and that he did, previous to the death of the said *George Stiles* in 1819, after said contract, proceed to *Washington*, and that since the death of the said *Stiles*, and since letters have been granted to the defendant, did as well collect other documents and evidence in support of said claim, as attend at *Washington* during several sessions of Congress, prosecuting the claims of the petitioners and of the defendant, until the passage of the law of Congress aforesaid, by which the claims of the petitioners were liquidated. Whereupon, the defendant prayed the Court to instruct the jury, that, 1st. If the jury shall believe, from the evidence in the cause, that *George Stiles*, in his life-time, contracted with the plaintiff for his services as an agent in prosecuting claims for compensation alleged

to be due, for the destruction of certain vessels owned by the testator in his life-time, and for which he was to receive at the rate of 20 per centum, and that he continued to act in virtue of *that agency,* after the death of said *George Stiles,* in pursuance of said contract, then the plaintiff is not entitled to recover in this action; which opinion the court (ARCHER, Ch. J.) gave.   Thereupon the defendant further prayed the opinion of the Court, and their direction to the jury, that there is not sufficient evidence in the cause, to shew that any *new* contract was made between the plaintiff and the defendant, after the death of *George Stiles,* by which the plaintiff is entitled to recover in this cause from the defendant, in his individual capacity.   And the defendant further prayed the opinion of the Court, that if the jury believe that the claim set up in this case was on a contract for procuring a law of Congress, then the same is against public policy and void; both of which opinions the Court refused to give.   The defendant excepted; and the verdict and judgment being against him, he appealed to this Court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, STEPHEN, and DORSEY, J.

*Meredith,* for the appellant, abandoned the last prayer. On the 2nd prayer in the exception, he contended, that *Baltimore* County Court erred in refusing to instruct the jury, that there was not sufficient evidence to shew that any contract was made between the plaintiff and defendant, after the death of *George Stiles,* by which the plaintiff was entitled to recover of the defendant in his individual capacity.   He referred to *Davis vs. Davis,* 7 *Harr. and Johns.* 36.   *Morris vs. Brickley and Caldwell,* 1 *Harr. and Gill,* 107.

*R. Johnson,* and *Evans* for the appellee, cited *Davis vs. Davis,* 7 *Harr. and Johns.* 39.   *Morris vs. Brickley and*

*Caldwell,* 1 *Harr. and Gill,* 109. *McElderry vs. Flan-nagan, Ib.* 321. 2 *Stark. Evid.* 83. 4 *Maule and Selw.* 277. *Howard vs. Baillie,* 2 *H. Blk.* 622. 2 *Stark. Evid.* 117. 1 *Chitty Plead.* 337. *Webber vs. Tivill,* 2 *Saund.* 122, *(note 2.) Bank of Washington vs. Triplett and Neale,* 1 *Peters' Rep.* 25.

DORSEY, J. delivered the opinion of the court.

The only question for our consideration is, was there any evidence to be left to a jury, of a contract between *John S. Stiles,* the executor of *George Stiles,* and *Causten,* the appellee, by which the latter was employed by the former as agent for the prosecution of the claim, which might be made on the *United States,* for the injury done to the vessels of the testator, sunk during the late war, for the preservation of the city of *Baltimore.* We concur with the opinion of the County Court, that there was. Putting out of view the fact, that such a contract was entered into between the testator in his life-time and *Causten,* and it is unquestionable, from the proof in the cause, that a jury might, nay, ought, to infer the existence of an agreement of this kind, between the appellant and the appellee. Upon no other principle can a solution be given to the acts of *John S. Stiles.* The right of the jury to draw this inference, is not taken away by proof of a contract between the testator and *Causten,* of which there is no legal proof that *John S. Stiles* had any knowledge. The fact of such knowledge, is a matter for the jury to decide upon, after deliberating on all the circumstances in testimony before them. The inference of its existence is not self-evident, or so undeniably true, that the human mind could not doubt on the subject. The County Court were right, therefore, in submitting it to the consideration of the jury. We mean to decide simply the question before us; and to intimate no opinion, as to the appellee's right to recover on the count for money had and received, in case all his

services as agent, had been rendered under his contract with *George Stiles*, the testator.

**JUDGMENT AFFIRMED.**